UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| JONAH A. BUTLER,<br><br>    *Plaintiff*,<br><br>    -v-<br><br>NICHOLAS P. SIEMBOR and<br>ARMBRUSTER MOVING & STORAGE,<br>INC.,<br><br>    *Defendants*. | Civil Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Jonah A. Butler ("Plaintiff"), is a citizen and resident of the State of South Carolina.

2.    Defendant, Nicholas P. Siembor ("Defendant Siembor"), is a citizen and resident of the State of Ohio, and at all times relevant hereto was acting within the course and scope of his employment with Defendant Armbruster Moving & Storage, Inc.

3.    Defendant, Armbruster Moving & Storage, Inc. ("Defendant Armbruster"), is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.

4.    On the day of the crash, Armbruster was a motor carrier registered under DOT Number 125563, subject to regulation by the Federal Motor Carrier Safety Administration and was authorized to conduct business in South Carolina.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the crash giving rise to this action occurred in Greenwood County, within the Greenwood Division of the District of South Carolina.

## FACTUAL ALLEGATIONS

7. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

8. On August 6, 2025, Plaintiff was lawfully operating his motor vehicle southbound on US-221 in Greenwood County, South Carolina.

9. At that same time and place, Defendant Siembor was operating a tractor-trailer owned by and operated on behalf of Defendant Armbruster.

10. While attempting to execute an improper right turn onto SEC-98, Defendant Siembor failed to maintain his vehicle within its lane, made an improper lane change, and collided with Plaintiff's vehicle traveling lawfully in the adjacent lane.

11. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, incurred substantial medical expenses, lost wages, endured pain and suffering, and sustained other damages.

12. At all relevant times, Defendant Siembor was acting within the course and scope of his employment and agency with Defendant Armbruster, making Armbruster vicariously liable for his conduct under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Negligence)

13. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

14. Defendant Siembor owed Plaintiff the duty to operate his vehicle safely, lawfully, and with due regard for the safety of others on the roadway.

15. Defendant Siembor breached that duty by, among other things, making an improper right turn, failing to keep his vehicle within his lane, failing to maintain a proper lookout, failing to keep proper control, failing to yield the right-of-way, and otherwise operating his vehicle in an unreasonable and unsafe manner.

16. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the injuries and damages previously described.

17. Defendant Armbruster is vicariously liable for the negligent acts and omissions of its employee and agent, Defendant Siembor.

SECOND CAUSE OF ACTION
(Negligence *Per Se*)

18. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

19. Defendant Siembor violated the following statutory duties contained in the South Carolina Code of Laws, each of which was enacted for the safety and protection of motorists, including Plaintiff:

   a. §56-5-1900 (improper lane change);

   b. §56-5-2120(a) (turning from a center/left lane into a right turn)

   c. §56-5-1815 (turning from the wrong lane)

   d. §56-5-2150 (improper turning movements and failure to signal); and

e. §56-5-2920 (reckless driving).

20. Each statutory violation constitutes negligence *per se* and was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

21. Defendant Armbruster is vicariously liable for the negligence *per se* of its employee and agent, Defendant Siembor.

## THIRD CAUSE OF ACTION
(Recklessness, Willfulness, and Punitive Damages)

22. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23. In addition to the foregoing acts of negligence and negligence *per se*, Defendant Siembor's conduct constituted recklessness, willfulness, and wantonness.

24. Such conduct demonstrates a conscious indifference to the rights and safety of Plaintiff and others lawfully on the roadway.

25. Defendant Armbruster is vicariously liable for the reckless, willful and wonton conduct of its employee and agent, Defendant Siembor.

26. As a direct and proximate result of Defendants' reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Vicarious Liability)

27. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

28. At the time of the crash, Defendant Siembor acted in the scope of his agency or employment on behalf of Defendant Armbruster.

29. Defendant Armbruster is vicariously liable for the negligent, negligent per se, reckless, willful and wonton conduct of its employee and agent, Defendant Siembor.

## FIFTH CAUSE OF ACTION
(Direct Negligence)

30. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

31. At all times relevant, Defendant Armbruster owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its drivers, including Defendant Siembor.

32. Defendant Armbruster breached these duties by hiring and retaining Defendant Siembor despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

33. Defendant Armbruster further breached its duties by failing to properly train Defendant Siembor in the safe operation of tractor-trailers, including compliance with the federal motor carrier safety regulations and industry safety standards.

34. Defendant Armbruster also failed to adequately supervise and monitor Defendant Siembor's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

35. As a direct and proximate result of Defendant Armbruster's negligent hiring, training, supervision, and retention of Defendant Siembor, Plaintiff sustained serious and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and sustained other damages.

36. Plaintiff is entitled to recover actual and punitive damages against Defendant Armbruster for its direct negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

September 30, 2025
Charleston, South Carolina