# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# GREENWOOD DIVISION

| | |
|---|---|
| Jonah A. Butler, | Case No.: 8:25-cv-12756-BHH |
| Plaintiffs, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| Nicholas P. Siembor and Armbruster Moving & Storage, Inc., | |
| Defendants. | |

**COMES NOW,** the Defendants, Nicholas P. Siembor and Armbruster Moving & Storage, Inc. (hereinafter "Defendants"), by and through their undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

## FOR A FIRST DEFENSE

1. Each and every allegation of Plaintiff's Compliant not specifically admitted is herein denied.

2. Defendants lack sufficient knowledge and information to form a belief as to the allegations of Paragraph 1, and therefore, must deny the same.

3. Paragraph 2 is admitted.

4. Paragraph 3 is admitted.

5. Responding to Paragraph 4, on August 6, 2025, Defendant Armbruster Moving & Storage was operating as an agent of Mayflower Transit, LLC, and was operating under Mayflower Transit, LLC's DOT No. 125563 at the time of the underlying motor vehicle collision.

6. Paragraph 5 is admitted.

7. Paragraph 6 is admitted.

8. Responding to Paragraph 7, Defendants incorporate their responses to Paragraphs 1–6 as if fully restated herein.

9. Responding to Paragraph 8, Defendants admit that on August 6, 2025, Plaintiff was traveling southbound on US-221 in Greenwood County, South Carolina. All remaining allegations in Paragraph 8 are denied.

10. Responding to Paragraph 9, Defendant Armbruster Moving & Storage, Inc. owned the trailer but was leasing the tractor being driven by Defendant Siembor on August 6, 2025.

11. Paragraph 10 is denied.

12. Paragraph 11 is denied.

13. Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained within Paragraph 12 and demand strict proof thereof.

14. Responding to Paragraph 13, Defendants incorporate their response to Paragraphs 1–12 as if fully restated herein.

15. Paragraphs 14 through 17 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraphs 14 through 17 and demand strict proof thereof.

16. Responding to Paragraph 18, Defendants incorporate their response to Paragraphs 1–17 as if fully restated herein.

17. Paragraphs 19 through 21, including their subparts, are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraphs 19 through 21 and demand strict proof thereof.

18. Responding to Paragraph 22, Defendants incorporate their response to Paragraphs 1–21 as if fully restated herein.

19. Paragraphs 23 through 26 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 23 through 26 and demand strict proof thereof.

20. Responding to Paragraph 27, Defendants incorporate their response to Paragraphs 1–26 as if fully restated herein.

21. Responding to Paragraph 28, Defendants admit that at the time of the underlying motor vehicle collision, Defendant Siembor was operating within the course and scope of his employment with Defendant Armbruster Moving & Storage, Inc.

22. Paragraph 29 is denied.

23. Responding to Paragraph 30, Defendant incorporate their responses to Paragraphs 1–29 as if fully restated herein.

24. Paragraphs 31 through 36 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraphs 31 through 36 and demand strict proof thereof.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

25. The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A THIRD DEFENSE
### (Comparative Negligence)

26. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

### FOR A FOURTH DEFENSE
### (Sudden Emergency)

27. Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

### FOR A FIFTH DEFENSE
### (Assumption of the Risk)

28. The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

### FOR A SIXTH DEFENSE
### (Unavoidable Accident)

29. The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

### FOR A SEVENTH DEFENSE
### (Intervening or Superseding Negligence)

30. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

### FOR AN EIGHTH DEFENSE
**(Punitive Damages)**

31. The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

32. The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

33. The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

34. The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Articles I, Section 3 of the South Carolina Constitution

because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

35.     Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against himself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

36.     Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

                              Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

<u>s/Jake M. Tillery</u>
Mark S. Barrow Fed. I.D. No. 1220
Jake M. Tillery Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

October 22, 2025