**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| Jonah A. Butler, | C/A No.: 8:25-cv-12756-BHH |
| Plaintiff, | |
| v. | |
| Nicholas P. Siembor and Armbruster Moving & Storage Inc., | **JOINT 26(F)  DISCOVERY PLAN WITH LOCAL CIV. RULE 26.03 RESPONSES** |
| Defendants. | |

The Parties submit the following discovery plan developed at the 26(f) Conference:

(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**RESPONSE:**

**None.**

(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**RESPONSE:**

**Discovery will be needed into the facts and circumstances surrounding the allegations of the complaint, liability, the Plaintiff's damages, and the defenses asserted in the Defendant's Answer.**

(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE:**

**The parties agree that they will produce electronic information in the information's native digital format where feasible and available.  The parties do not waive their right to object to the disclosure of certain information.  The parties do not anticipate any other issues regarding discovery of electronically stored information at this time.**

(D)     Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.

**RESPONSE:**

**Issues about claims of privilege or protection as trial-preparation materials have not arisen at this time.**

(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE:**

**The parties are not aware of any changes that should be made on the limitations on discovery at this time.**

(F)    Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:**

**The parties are not aware of any additional orders that the Court should enter under these rules at this time.**

## LOCAL CIV. RULE 26.03 RESPONSES

(1)    A short statement of the facts of the case.

**RESPONSE:**

**This case arises out of a motor vehicle accident that occurred on August 6, 2025, on US-211 in Greenwood County, South Carolina. The Plaintiff was driving a 2024 Chevrolet Trax. Nicholas Siembor was driving a tractor trailer owned by Armbruster Moving & Storage, Inc. The vehicles collided on US-221 when Defendant Siembor attempted to make a right-hand turn onto Willard Lane from the left hand lane of US-221.**

(2)    The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

    **1.  Jonah Butler**
        **c/o James G. Biggart, Esq. – Morgan & Morgan**

        **Mr. Butler is the Plaintiff in this case, and he is expected to testify as to his knowledge regarding the facts and circumstances surrounding the accident and his alleged injuries and damages.**

    **2.  Nicholas Siembor**
        **c/o Jake Tillery, Esq – Sweeny Wingate & Barrow**

        **Mr. Siembor was driving a tractor trailer that was owned by Defendant Armbruster, and he is expected to testify as to his knowledge of the facts**

**and circumstances surrounding the accident and any knowledge he may possess regarding the Plaintiff's alleged injuries and damages.**

3. **A representative of Armbruster Moving & Storage, Inc.**
   **c/o Jake Tillery, Esq – Sweeny Wingate & Barrow**

   **Armbruster Moving & Storage, Inc. is the Defendant in this case, and a representative is expected to testify as to any knowledge of the facts and circumstances surrounding the accident and any knowledge he/she may possess regarding the Plaintiff's alleged injuries and damages.**

4. **Investigating officer Mtrp. J.R. Davis**
   **c/o SC Highway Patrol Troop 2**

   **The investigating officer for this accident would be expected to testify as to his/her investigation.**

**Each party reserves the right to call any witnesses named by the Plaintiff and Defendant to this action. Further, the parties will supplement these disclosures upon receipt of additional information concerning potential witnesses.**

(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**The parties have not retained experts at this time.  The parties may call experts in the fields of accident reconstruction or human factors to address liability for the accident and/or medical professionals to testify regarding the cause and extent of the Plaintiff's injuries.**

**Plaintiff expects to call some or all of Plaintiff's Treating Doctors as witnesses, and expects they will qualify as experts by way of their knowledge, training, and experience.**

(4)     A summary of the claims or defenses with statutory and / or case citations supporting same.

**RESPONSES:**

**PLAINTIFF'S RESPONSE:**

**Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).**

**Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc.*
*v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).**

3

**Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment."** *James v. Kelly Trucking Co.***, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing** *Sams v. Arthur***, 135 S.C. 123, 133 S.E. 205 (1926)).**

**Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public."** *James v. Kelly Trucking Co.***, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing** *Degenhart v. Knights of Columbus***, 309 S.C. 114, 420 S.E.2d 495 (1992)).**

**As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.**

DEFENDANTS' RESPONSE:

**The Defendant's Answer raises a general denial and affirmative defenses of comparative negligence and common law and statutory caps on punitive damages.**

(5)    Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

**RESPONSE:**

**On January 29, 2026, the Court entered a Conference and Scheduling Order setting forth dates and deadlines for the parties.  This Order was reviewed by the parties prior to the Rule 26(f) conference.  The parties have submitted a Proposed Consent Amended Scheduling Order that provides a four-month extension on most of the deadlines in the initial Order.  The parties are requesting this extension to allow for sufficient time for the Plaintiff to receive medical treatment and for the parties to complete discovery**

(6)    The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.   See General Local Civil Rule 16.02(C) (Content of Scheduling Order)

**RESPONSE:**

**The parties have submitted a Proposed Consent Amended Scheduling Order that provides a four-month extension on most of the deadlines in the initial Order for the reasons specified in response to Paragraph 5.**

(7)    The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE: The parties do not consent to trial before a magistrate judge at this time.**

4

**MORGAN & MORGAN, PA**

*/s/ Cooper Klaasmeyer*
James G. Biggart, II, Esquire (Fed. Bar 14195)
Cooper Klaasmeyer, Esquire (Fed. Bar 14272)
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
(843) 973-5186
**Attorneys for the Plaintiff**

March 13, 2026
North Charleston, SC

**SWEENY, WINGATE & BARROW, P.A.**

s/Jake M. Tillery
Mark S. Barrow Fed. I.D. No. 1220
Jake M. Tillery Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**