**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**GREENWOOD DIVISION**

| | | |
|---|---|---|
| **Jonah A. Butler** | ) | **Case No.:  8:25-cv-12756-SAC** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **SECOND AMENDED CONFERENCE AND** |
| | ) | **SCHEDULING ORDER** |
| **Nicholas P. Siembor and Armbruster** | ) | |
| **Moving & Storage, Inc.** | ) | |
| | ) | |
| **Defendants.** | ) | |

On July 16, 2026, the Court entered a text order asking the parties to revise the current Conference and Scheduling Order to conform to Judge Clarke's preferred order. (Dkt. No. 18). Pursuant to the Court's instructions, the Federal Rules of Civil Procedure and the Local Civil Rules (D.S.C.), the following schedule is established for this case.

1. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **August 24, 2026** (Fed. R. Civ. P. 26(a)(2)).[1]

2. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **September 23, 2026** (Fed. R. Civ. P. 26(a)(2)).

---

[1] Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2)(a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

3. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **September 23, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (*See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

4. Discovery shall be completed no later than **November 23, 2026**. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.

   **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected and at their own risk.)**

5. All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **December 24, 2026**. Fed. R. Civ. P. 16(b)(2).

6. Mediation shall be completed in this case on or before **January 1, 2027**.[2]

7. This case is subject to being called for jury selection and/or trial the later of sixty (60) days after dispositive motions have been resolved or on or after **March 24, 2027**. Once a specific jury selection and trial date are scheduled, a Trial Notice will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, Motions in Limine, Pretrial Briefs, and marking of exhibits.

   **A request for a continuance of the trial date must be agreed to and signed by the party and his attorney requesting and/or consenting to the continuance.**

   **The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed. If no such response in opposition is filed, the court will assume that the party consents to the court's granting the motion.**

   Honorable Sheria Akins Clarke
   United States District Judge

July 31, 2026
Greenwood, South Carolina

---

[2] *See* Standing Order to Conduct Mediation of Judge Clarke for additional mediation requirements applicable to this case, available at www.scd.uscourts.gov under Judge Clarke: Form Orders and Instructions.