**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

| | |
|---|---|
| JONAH A. BUTLER,<br><br>*Plaintiff*,<br><br>-v-<br><br>NICHOLAS P. SIEMBOR, ARMBRUSTER MOVING & STORAGE, INC., and MAYFLOWER TRANSIT, LLC,<br><br>*Defendants*. | Civil Case No.: 8:25-cv-12756-SAC<br><br>**AMENDED COMPLAINT**<br>(Jury Trial Demanded) |

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Jonah A. Butler ("Plaintiff"), is a citizen and resident of the State of South Carolina.

2. Defendant, Nicholas P. Siembor ("Defendant Siembor"), is a citizen and resident of the State of Ohio, and at all times relevant hereto was acting within the course and scope of his employment with Defendant Armbruster Moving & Storage, Inc., Defendant Mayflower Transit, LLC, or both.

3. Defendant, Armbruster Moving & Storage, Inc. ("Defendant Armbruster"), is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.

4. Defendant Armbruster was a contractual agent of Defendant Mayflower Transit, LLC pursuant to a lease agreement and other agreements between the two, under which Armbruster provided equipment and drivers and Defendant Mayflower provided interstate operating authority and operational support.

5. Defendant, Mayflower Transit, LLC ("Defendant Mayflower"), is a limited liability company with its principal place of business located in Fenton, Missouri. Upon information and belief, none of Defendant Mayflower's members is a citizen of the State of South Carolina.

6. On the day of the crash, Defendant Mayflower was a motor carrier registered under DOT Number 125563, subject to regulation by the Federal Motor Carrier Safety Administration and was authorized to conduct business in South Carolina. Defendant Mayflower maintained driver-qualification information for Armbruster drivers, participated in driver training and qualification, required Mayflower approval/rating for drivers performing Mayflower work, and exercised safety authority over drivers operating Mayflower interstate shipments.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the crash giving rise to this action occurred in Greenwood County, within the Greenwood Division of the District of South Carolina.

## **FACTUAL ALLEGATIONS**

9. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

10. On August 6, 2025, Plaintiff was lawfully operating his motor vehicle southbound on US-221 in Greenwood County, South Carolina.

11. At that same time and place, Defendant Siembor was operating a tractor-trailer in legal possession of Defendant Armbruster and pursuant to his employment Defendant

Armbruster. Defendant Siembor was also acting as a statutory employee of Defendant Mayflower pursuant to 49 CFR Part 390.5T and was operating in interstate commerce under Defendant Mayflower's operating authority.

12. As Plaintiff approached, Defendant Siembor, without signaling, executed an improper "jug handle" turn by maneuvering his tractor-trailer from the right lane across the left lane and into the median before turning back to the right to turn onto Willard Rd., causing the collision with Plaintiff's vehicle traveling in the adjacent right lane.

13. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, suffered a traumatic brain injury, incurred substantial medical expenses, lost wages, endured pain and suffering, and sustained other damages.

14. At all relevant times, Defendant Siembor was acting within the course and scope of his employment and agency with Defendant Armbruster, Defendant Mayflower, or both, making Armbruster, Mayflower, or both vicariously liable for his conduct under the doctrine of respondeat superior.

## FIRST CAUSE OF ACTION
**(Negligence)**

15. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

16. Defendant Siembor owed Plaintiff the duty to operate his vehicle safely, lawfully, and with due regard for the safety of others on the roadway.

17. Defendant Siembor breached that duty by, among other things, making an improper right turn, failing to keep his vehicle within his lane, failing to signal, failing to maintain a proper lookout, failing to keep proper control, failing to yield the right-of-way, and otherwise operating his vehicle in an unreasonable and unsafe manner.

18. As a direct and proximate result of Defendants' negligence, Plaintiff sustained the injuries and damages previously described.

19. Defendant Armbruster, Defendant Mayflower, or both are vicariously liable for the negligent acts and omissions of their employee and agent, Defendant Siembor.

**SECOND CAUSE OF ACTION**
**(Negligence Per Se)**

20. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

21. Defendant Siembor violated the following statutory duties contained in the South Carolina Code of Laws, each of which was enacted for the safety and protection of motorists, including Plaintiff:

a. § 56-5-1900 (improper lane change);

b. § 56-5-2120(a) (turning from a center/left lane into a right turn)

c. § 56-5-1815 (turning from the wrong lane)

d. § 56-5-2150 (improper turning movements and failure to signal); and

e. § 56-5-2920 (reckless driving).

f. § 56-5-2920 (required position and method of turning).

22. Each statutory violation constitutes negligence per se and was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

23. Defendant Armbruster, Defendant Mayflower, or both are vicariously liable for the negligence per se of their employee and agent, Defendant Siembor.

**<u>THIRD CAUSE OF ACTION</u>**
**(Recklessness, Willfulness, and Punitive Damages)**

24. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

25. In addition to the foregoing acts of negligence and negligence per se, Defendant Siembor's conduct constituted recklessness, willfulness, and wantonness.

26. Such conduct demonstrates a conscious indifference to the rights and safety of Plaintiff and others lawfully on the roadway.

27. Defendant Armbruster, Defendant Mayflower, or both are vicariously liable for the reckless, willful and wanton conduct of their employee and agent, Defendant Siembor.

28. As a direct and proximate result of Defendants' reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Vicarious Liability)**

29. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

30. At the time of the crash, Defendant Siembor acted in the scope of his agency or employment on behalf of Defendant Armbruster, Defendant Mayflower, or both.

31. Defendant Armbruster, Defendant Mayflower, or both are vicariously liable for the negligent, negligent per se, reckless, willful and wanton conduct of their employee and agent, Defendant Siembor.

**FIFTH CAUSE OF ACTION**
**(Direct Negligence)**

32. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

33. At all times relevant, Defendant Armbruster and Defendant Mayflower owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of their drivers, including Defendant Siembor.

34. Defendant Armbruster and Defendant Mayflower breached these duties by hiring and retaining Defendant Siembor despite their knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

35. Defendant Armbruster and Defendant Mayflower further breached their duties by failing to properly train Defendant Siembor in the safe operation of tractor-trailers, including compliance with the federal motor carrier safety regulations and industry safety standards.

36. Defendant Armbruster and Defendant Mayflower also failed to adequately supervise and monitor Defendant Siembor's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

37. As a direct and proximate result of Defendant Armbruster's and Defendant Mayflower's negligent hiring, training, supervision, and retention of Defendant Siembor, Plaintiff sustained serious and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and sustained other damages.

38. Plaintiff is entitled to recover actual and punitive damages against Defendant Armbruster and Defendant Mayflower for their direct negligence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

MORGAN & MORGAN P.A.

/s/ James G. Biggart II
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal Id: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
Attorneys for the Plaintiff

__________, 2026
Charleston, South Carolina